UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80072-Cr-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JIM VILLALTA,

    Defendant.

_____/

FILED BY _SW_ D.C.

MAY 17 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## STIPULATED STATEMENT OF FACTS

### A.  Elements of Offense

Were this matter to have proceeded to trial, the United States would have had to prove the following elements beyond a reasonable doubt as to Count 1 of the Indictment, which charges the defendant with the Knowing Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(4):

First:    That the defendant knowingly possessed the firearm and ammunition referenced in the Indictment, in or affecting interstate or foreign commerce, as charged;

Second:    That the defendant knew he had previously been convicted of an offense punishable by imprisonment for a term exceeding one year, that is, a felony; and

Third:    That before the defendant possessed the firearms, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "interstate or foreign commerce" includes any commerce between any place in a State and any place outside of that State. It is not necessary for the government to prove that the defendant knew that the firearm had moved in interstate or foreign commerce before the defendant possessed it, only that it had made such movement.

B. **Statement of Facts**

Had this matter proceeded to trial, the United States would prove the following facts beyond a reasonable doubt, through admissible testimony and evidence, which the defendant agrees, by his signature below, are true and correct facts, and satisfy all the necessary elements of the offense of conviction referenced above:

1. Deputy Machin of the Palm Beach County Sheriff's Office (PBSO) would testify that on May 5, 2022, he observed Jim VILLALTA, the defendant in this case, driving a silver Honda sedan (the "Honda") in the vicinity of Okeechobee Boulevard and Wildcat Way in Royal Palm Beach at 61 MPH in a posted 40 MPH zone as confirmed by Deputy Machin's radar, in excess of the posted speed limit. Deputy Machin initiated a traffic stop at the location of 11317 Okeechobee Boulevard, an area Deputy Machin knows to be located in Palm Beach County and the Southern District of Florida, and requested defendant VILLALTA's driver's license. In response, defendant VILLALTA produced a Florida ID card in his name. When asked if he had a driver's license, defendant VILLALTA was unable to answer. A Florida Department of Motor Vehicles inquiry conducted by Deputy Machin revealed that defendant VILLALTA did not possess a valid Florida Driver's license, having had his driver's license revoked for 60 months on October 27, 2020, as a habitual traffic violator. Deputy Machin asked defendant VILLALTA to exit his vehicle, placed him under arrest, at which time defendant VILLALTA was placed in the back of

Deputy Machin's patrol vehicle.

2.      Deputy Machin then requested a tow truck to impound defendant VILLALTA's vehicle and in preparation for such initiated an inventory of the vehicle pursuant to PBSO policy.  In the course of conducting the inventory of the Honda's contents, Deputy Machin found a duffle bag on the front passenger seat side floorboard. Within the duffle bag, Deputy Machin discovered a Palmetto State Armory PSA-15, .223 caliber, AR-15 variant short barreled rifle (SBR), with a shoulder stock and a barrel approximately 7 inches in length, and on the rear driver's side seat Deputy Machin found a bookbag containing a large knife, a ski mask, a laptop, and multiple loaded AR-15 magazines.

3.      Thereafter, a PBSO Crime Scene Technician swabbed the various portions of the aforementioned PSA-15 SBR for the presence of DNA.  On May 10, 2022, law enforcement officers obtained a known sample or "standard" of defendant VILLALTA's DNA pursuant to a state search warrant.  Both the swabs from the PSA-15 SBR and defendant VILLALTA's known DNA standard were thereafter submitted for DNA comparison analysis to DNA Labs International (DNALI), a nationally and internationally accredited DNA testing facility. Jerome Renn, a Forensic DNA Analyst at DNALI would testify that, as to:

a.      Swabs from trigger/guard: The DNA profile obtained from the swabs is approximately 1.3 million times more probable if the sample originated from Jim Villalta and one unknown person than if it originated from two unknown persons. This analysis

provides very strong support for the proposition that Jim Villalta was a contributor to the DNA profile obtained from the swabs.

b.  Swabs from receiver/grips: The DNA profile obtained from the swabs was approximately 130 quadrillion times more probable if the sample originated from Jim Villalta and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that Jim Villalta was a contributor to the DNA profile obtained from the swabs.

c.  Swabs from stock and Swabs from foregrip/hand guard: The DNA profile obtained from the sample is approximately 100 quadrillion times more probable if the sample originated from Jim Villalta and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that Jim Villalta was a contributor to the DNA profile obtained from the sample.

4.  Certified Records of the 15th Judicial Circuit Court in and for Palm Beach County, Florida (PBCCC) would establish that on December 11, 2018, defendant VILLALTA was adjudicated guilty for Fleeing with Intent to Elude (High Speed Reckless) in violation of Florida Statute 316.1935(3)(a), in PBCCC Case No. 2018CR004769AMB. An audio/video recording and official court reporter transcript of defendant VILLALTA's guilty plea colloquy and during that case would establish that defendant VILLALTA was advised orally on the record of that proceeding by the Assistant State Attorney that "the defendant is pleading guilty as charged to Count 1, fleeing or attempting to elude, high speed reckless, a second degree felony." Thereafter, the presiding judge, the Honorable Glenn Kelley, specifically inquired of defendant VILLALTA as follows:

THE COURT: Do you understand if I accept your plea, you'll be adjudicated guilty of a felony. On that basis, you'll lose the right to vote and the right to possess a firearm.

[DEFENDANT VILLALTA]: Yes, sir.

5. PBSO Detective Stephen Barborini, who has been found qualified and admitted as a firearms subject matter expert on over one dozen prior occasions in the United States District Court for the Southern District of Florida, would testify that he examined the aforementioned PSA-15 firearm recovered from the bag in the Honda vehicle on May 5, 2023, and using a steel rod dropped down the firearm's barrel measuring the distance from the chamber to end of barrel, determined that the barrel of the rifle was seven inches in length. The PSA-15 also had a standard M-4 collapsible shoulder stock attached to its buffer tube -- that is, was a rifle configured to be fired from the shoulder.

6. ATF Special Agent (SA) Vincent Rubbo, who has previously been qualified to testify as an expert witness in the interstate commerce nexus of firearms and ammunition, would testify that he examined the aforementioned firearm and ammunition recovered. SA Rubbo would testify that based on his examination, training and experience, as well as the unique manufacturers' markings on said items, that: (a) the PSA-15 SBR rifle and its accompanying 140 rounds of 5.56 mm caliber ammunition were all manufactured outside the state of Florida, and that therefore, of necessity, both the firearm and the ammunition traveled in interstate and/or foreign commerce prior to their possession by defendant VILLALTA on May 5, 2022; and (b) the firearm and ammunition

met the federal definitions of a "firearm" and "ammunition" under Title 18, United States Code, Sections 921(a)(3) and 921(a)(1)(A).

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

SEEN, AGREED AND APPROVED:

_____
JIM VILLALTA
DEFENDANT

_____
M. CAROLINE McCRAE
ASSISTANT FEDERAL PUBLIC DEFENDER
COUNSEL FOR DEFENDANT

Dated: 5/17/2023

At West Palm Beach, Florida